**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JUANITA ANDERSON | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | No. 05-4115 |
| v. | : | |
| | : | |
| BALLY'S PARK PLACE, INC. Individually and BALLY'S PARK PLACE d/b/a BALLY'S ATLANTIC CITY, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM**

Presently pending is Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, and Plaintiff's Brief in Opposition thereto. For the reasons stated below, Defendant's Motion will be denied.

**Facts and Procedural History**

Plaintiff, a Pennsylvania resident, was injured when she fell inside Bally's Atlantic City Casino on January 16, 2004. Plaintiff filed suit in the Philadelphia Court of Common Pleas on June 27, 2005. On August 2, 2005 Defendant filed notice of removal with this Court asserting diversity jurisdiction.

Currently, Defendant asserts that this Court does not have jurisdiction because the incident from which this claim arose occurred in New Jersey, and the Defendant does not have sufficient contact with Pennsylvania to enable a Pennsylvania Court to sustain personal jurisdiction. Plaintiff asserts that Defendant's contacts with the state of Pennsylvania are sufficient enough to subject Defendant to the personal jurisdiction of this Court.

**Discussion**

When a defendant objects to personal jurisdiction, plaintiff bears the burden of coming forward with a set of facts sufficient to create a prima facie case of jurisdiction. See, Mellon Banks (East) PSFS v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992). A plaintiff's allegations that defendant has sufficient contacts with the forum to warrant a court's exercise of personal jurisdiction over the defendant must be supported with affidavits, documents, or other evidence, because a Rule 12(b)(2) motion "requires resolution of factual issues outside the pleadings." Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 67 n.9 (3d Cir. 1997).

Federal district courts are permitted to exercise personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of the state. Provident National Bank v. California Fed. Sav. & Loan Ass'n, 819 F.2d 434, 437 (3d Cir. 1987). Under Pennsylvania law, a court may exercise personal jurisdiction to the fullest extent allowed by the United States Constitution. 42 Pa. Cons. Stat. Ann. §§5308, 5322(b). The Supreme Court has held that jurisdiction is proper when a defendant purposefully establishes "minimum contacts" in the forum state, by deliberately engaging in significant activities, or by creating continuing obligations such that he has "availed himself of the privilege of conducting business there." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475-476, 105 S.Ct. 2174, 2184-85 (1985).

General *in personam* jurisdiction is implicated when a plaintiff's cause of action does not arise from the defendant's business activities in the forum state. Helicopteros Nacionales de Colombia S.A. v. Hall, 466 U.S. 408, 414 (1984). In order to establish general personal jurisdiction, a plaintiff must show that the defendant carried on a continuous and systematic part of their general business within Pennsylvania. Gehling v. St. Geroge's School of Medicine, Ltd.,

773 F.2d 539, 541 (3d Cir. 1985).

In this case, Plaintiff has sustained its burden of proof by showing that Defendant Bally's carried on a continuous and systematic portion of its business in Pennsylvania. For example, Plaintiff produced evidence that Defendant Bally's mails out millions of offers containing coupons for free slot coins to Pennsylvania residents each year and has advertised in various Pennsylvania newspapers and magazines since 2004. Therefore, general personal jurisdiction over Defendant Bally's has been established. Because personal jurisdiction is established, venue is proper in this judicial district. See 28 U.S.C. §1391. As such, Defendant's Motion to Dismiss will be denied. An appropriate order follows.